UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY WAYNE PIERCE,<br><br>Defendant. | ) | No. 3:26-CR-92-TAV-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Gary Wayne Pierce's Unopposed Motion to Continue Trial, Related Dates and Motion Deadline [Doc. 12], which he filed on August 11, 2026.

Defendant Pierce asks the Court to continue all deadlines, including the motion deadline and the trial in this matter [*Id.*]. In support, he states defense counsel received some discovery, but additional discovery has been requested and is expected to be received [*Id.* ¶ 1]. Defendant states his counsel has additional legal research to conduct regarding potential motions, which is the basis for the requested continuance of the motion deadline to September 21, 2026 [*Id.*]. Defendant explains that the requested continuance will provide the parties an opportunity to make a full resolution of the case [*Id.* ¶ 2]. Defendant states his understanding that the period between the filing of his motion and a rescheduled trial date is fully excludable for speedy trial purposes [*Id.* ¶ 3]. Defendant represents that the Government does not oppose the requested continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to review discovery, conduct legal research, and attempt to make a full resolution of the case. The Court finds that this cannot occur before the September 22, 2026, trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Trial, Related Dates and Motion Deadline [**Doc. 12**]. The trial date is reset to **January 26, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on August 11, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Trial, Related Dates and Motion Deadline [**Doc. 12**] is **GRANTED**;

(2) the trial date is reset to commence on **January 26, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **August 11, 2026**, and the new trial date of **January 26, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is on or before **September 21, 2026**, and responses to pretrial motions are due on or before **October 5, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 24, 2026**;

(6) the deadline for filing motions *in limine* is **January 11, 2027**, and responses to motions *in limine* are due on or before **January 19, 2027**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 12, 2026, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 15, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge